**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**THE ESTATE OF R. SHANE ADAMS,
JEREMY POPE, G.T.P, (minor child,
by their Next of Friend, Jeremy Pope),
and A.M.P, (minor child, by their Next of
Friend, Jeremy Pope),**

      **Plaintiffs,**

**v.**                                   **CIVIL ACTION NO: 24-CV-52
Judge Thomas S. Kleeh**

**ZENITH ENERGY TERMINALS HOLDINGS, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY LOGISTICS, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY GROUP, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY LOGISTICS GP, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY LOGISTICS PARTNERS LP,**
**a Delaware Limited Partnership Company;**
**ZENITH ENERGY MANAGEMENT, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY MANAGEMENT U.S. GP, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY MANAGEMENT U.S., LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY NETWORK, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY PARTNERS, INC.,**
**a Delaware Corporation;**
**ZENITH ENERGY U.S. GP, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY U.S. HOLDINGS, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY U.S. LOGISTICS HOLDINGS, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY U.S. LOGISTICS HOLDINGS II, LLC,**
**a Delaware Limited Liability Company;**
**ZENITH ENERGY U.S. LOGISTICS, LLC,**
**a Delaware Limited Liability Company;**

1

**ZENITH ENERGY U.S., LP,**
**a Delaware Limited Partnership Company;**
**JOHN DOE TUGBOAT OWNER; and**
**JOHN DOE TUGBOAT OPERATORS 1-10,**

       **Defendants.**

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ZENITH ENERGY TERMINALS HOLDINGS, LLC AND ZENITH ENERGY LOGISTICS, LLC

COME NOW Zenith Energy Terminals Holdings, LLC, and Zenith Energy Logistics, LLC, (collectively referred to as the "Zenith Defendants"), by counsel, Christopher D. Pence, Esq., Jason P. Foster, Esq., Michael W. Taylor, Esq., and the Pence Law Firm, PLLC, and for their Answer and Affirmative Defenses, state as follows:

### ANSWER

For their Answer to the Complaint filed against them, the Zenith Defendants state, upon information and belief as follows:

### INTRODUCTION

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to the Edith Barill Riverfront Park (the "Park"), the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to Plaintiffs' activities on May 13, 2022, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to ownership, operation and maintenance of the Zenith Terminal, the Zenith

Defendants admit only that Defendant Zenith Energy Terminals Holdings, LLC, owned the Zenith Terminal at the time of the events alleged in the Complaint and deny the remainder of said allegations. To the extent that said allegations could be construed to allege any wrongdoing on behalf of the Zenith Defendants, the Zenith Defendants deny the same.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to the statements made on "Zenith's website", the Zenith Defendants admit only that the statements on said website say what they say and are the best evidence of their contents.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to the presence of a tugboat and the number of employees thereon, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to the status and operation of the tugboat and the creation of a dangerous by said status and operation, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to what certain witnesses saw and heard on May 13, 2022, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to the employees' actions and/or failures to act, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to contacting emergency services and the recovery of Mr. Adams' body, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to lack of warning signage, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

With respect to all allegations of wrongdoing against the Zenith Defendants set forth in the "Introduction" to Plaintiffs' Complaint, the Zenith Defendants deny said allegations.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to Mr. Adams' awareness of the dangers of swimming to recover his RC boat on May 13, 2022, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

With respect to the factual allegations set forth in the "Introduction" to Plaintiffs' Complaint related to the reasonableness of Mr. Adams' belief as to the safety of his actions on May 13, 2022, the Zenith Defendants deny the same.

The Zenith Defendants deny the factual allegations set forth in the final paragraph of the "Introduction" to Plaintiffs' Complaint.

To the extent that any allegations set forth in the "Introduction" to Plaintiffs' Complaint are not specifically addressed in the preceding paragraphs or set forth a claim or the basis for any claim against the Zenith Defendants, the Zenith Defendants deny said allegations.

**PARTIES AND JURISDICTION**

1.      The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2.      The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3.      The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4.      The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore deny the same.

5.      The Zenith Defendants admit the factual allegations set forth in paragraph 5 of the Complaint. To the extent that said allegations could be construed to allege any wrongdoing on behalf of said Defendant, the Zenith Defendants deny the same.

6.      With respect to the factual allegations set forth in paragraph 6 of the Complaint related to Defendant Zenith Energy Logistics, LLC's address and organization, the Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 6 of the Complaint related to Defendant Zenith Energy Logistics, LLC's responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

7.      With respect to the factual allegations set forth in paragraph 7 of the Complaint related to Defendant Zenith Energy Group, LLC's registered agent, address, and organization, the

Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 7 of the Complaint related to Defendant Zenith Energy Group, LLC's responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

8.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny the same.

9.     With respect to the factual allegations set forth in paragraph 9 of the Complaint related to Defendant Zenith Energy Logistics GP, LLC's registered agent, address, and organization, the Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 9 of the Complaint related to Defendant Zenith Energy Logistics GP, LLC's responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

10.     With respect to the factual allegations set forth in paragraph 10 of the Complaint related to Defendant Zenith Energy Logistics Partners, LP's registered agent, address, and organization, the Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 10 of the Complaint related to Defendant Zenith Energy Logistics Partners, LP's responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

11.     With respect to the factual allegations set forth in paragraph 11 of the Complaint related to Defendant Zenith Energy Management, LLC's registered agent, address, and organization, the Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 11 of the Complaint related to Defendant Zenith Energy Management, LLC's responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

12.     With respect to the factual allegations set forth in paragraph 12 of the Complaint related to Defendant Zenith Energy Management U.S. GP, LLC's registered agent, address, and

organization, the Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 12 of the Complaint related to Defendant Zenith Energy Management U.S. GP, LLC's responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

13.     With respect to the factual allegations set forth in paragraph 13 of the Complaint related to Defendant Zenith Energy Management U.S., LLC's registered agent, address, and organization, the Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 13 of the Complaint related to Defendant Zenith Energy Management U.S., LLC's responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

14.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17.     With respect to the factual allegations set forth in paragraph 17 of the Complaint related to Defendant Zenith Energy U.S. Holdings, LLC's registered agent, address, and organization, the Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 17 of the Complaint related to Defendant Zenith Energy U.S. Holdings, LLC's responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

18.     With respect to the factual allegations set forth in paragraph 18 of the Complaint related to Defendant Zenith Energy U.S. Logistics Holdings, LLC's registered agent, address, and organization, the Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 18 of the Complaint related to Defendant Zenith Energy U.S. Logistics Holdings, LLC's responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

19.     The Zenith Defendants deny all allegations set forth in paragraph 19 of the Complaint related to Defendant Zenith Energy U.S. Logistics Holdings II, LLC, as this entity ceased to exist as of February 15, 2024.

20.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph 20 of the Complaint and therefore deny the same.

21.     With respect to the factual allegations set forth in paragraph 21 of the Complaint related to Defendant Zenith Energy U.S., L.P.'s registered agent, address, and organization, the Zenith Defendants admit the same. With respect to the factual allegations set forth in paragraph 21 of the Complaint related to Defendant Zenith Energy U.S., L.P.'s responsibilities related to the Zenith Terminal, the Zenith Defendants deny the same.

22.     The Zenith Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     The allegations contained in Paragraph 23 of the Complaint are directed to a defendant or defendants other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge

or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

24.     The allegations contained in Paragraph 24 of the Complaint are directed to a defendant or defendants other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny the same.

25.     The allegations contained in Paragraph 25 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit said allegations.

26.     The allegations contained in Paragraph 26 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed to be required, the Zenith Defendants deny Plaintiffs' jurisdictional allegations because the citizenship of certain John Doe Defendants has not yet been determined.

**FACTS**

27.     The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

28.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore deny the same.

29.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore deny the same.

30.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore deny the same.

31.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore deny the same.

32.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore deny the same.

33.     The Zenith Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     The Zenith Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore deny the same.

36.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore deny the same.

37.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore deny the same.

38.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore deny the same.

39.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore deny the same.

40.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore deny the same.

41.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore deny the same.

42.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore deny the same.

43.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore deny the same.

44.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore deny the same.

45.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore deny the same.

46.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore deny the same.

47.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore deny the same.

48.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore deny the same.

49.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore deny the same.

50.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore deny the same.

51.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore deny the same.

52.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore deny the same.

53.     The allegations contained in Paragraph 53 of the Complaint contain legal conclusions and allegations directed to defendants other than the Zenith Defendants to which no

response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore deny the same.

54.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore deny the same.

55.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore deny the same.

56.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore deny the same.

57.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore deny the same.

58.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore deny the same.

59.     The Zenith Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint related to "industry knowledge" and therefore deny the same. The Zenith Defendants deny the allegations in Paragraph 60 insofar as they impute such knowledge to the Zenith Defendants.

61.     The Zenith Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     The Zenith Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore deny the same.

64.     The Zenith Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     The Zenith Defendants deny the allegations in Paragraph 65 of the Complaint to the extent that said allegations are directed toward them. The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint insofar as they relate to Defendants other than the Zenith Defendants.

66.     The Zenith Defendants deny the allegations in Paragraph 66 of the Complaint to the extent that said allegations are directed toward them. The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint insofar as they relate to Defendants other than the Zenith Defendants.

**COUNT I – WRONGFUL DEATH – W. VA. CODE § 55-7-6**
**ALL DEFENDANTS**

67.     The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

68.     Paragraph 68 sets forth legal conclusions to which no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the legal duties they owed to Mr. Adams are what they are. The Zenith Defendants deny the allegations in Paragraph 68 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

69.     The Zenith Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Paragraph 70 sets forth legal conclusions to which no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the legal duties they owed to all patrons of the Park are what they are. The Zenith Defendants deny the allegations in Paragraph 70 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

71.     The Zenith Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     The Zenith Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     The Zenith Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and therefore deny the same.

75.     The Zenith Defendants deny the allegations in Paragraph 75 of the Complaint.

## COUNT II - NEGLIGENCE
## ALL DEFENDANTS

76.     The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

77.     Paragraph 77 sets forth legal conclusions to which no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the legal duties they owed to Park visitors are what they are. The Zenith Defendants deny the allegations in Paragraph 77 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

78.     The Zenith Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Paragraph 79 sets forth legal conclusions to which no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the legal

duties they owed to all patrons of the Park are what they are. The Zenith Defendants deny the allegations in Paragraph 79 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

80.     The Zenith Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     The Zenith Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     The Zenith Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     The Zenith Defendants deny the allegations in Paragraph 83 of the Complaint.

**COUNT III - NEGLIGENCE**
**DEFENDANTS JOHN DOE TUGBOAT OWNER**
**AND JOHN DOE TUGBOAT OPERATORS 1-10**

84.     The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

85.     The allegations Paragraph 85 of the Complaint are directed to Defendants other than the Zenith Defendants and contain legal conclusions; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the legal duties owed by Defendants John Doe Tugboat Owner and John Doe Tugboat Operators 1-10 to a man overboard are what they are. The Zenith Defendants deny the allegations in Paragraph 85 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

86.     The allegations Paragraph 86 of the Complaint are directed to Defendants other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants deny the allegations in Paragraph 86 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

87.     The allegations Paragraph 87 of the Complaint are directed to Defendants other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants deny the allegations in Paragraph 87 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

88.     The allegations Paragraph 88 of the Complaint are directed to Defendants other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants deny the allegations in Paragraph 88 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

89.     The allegations Paragraph 89 of the Complaint are directed to Defendants other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants deny the allegations in Paragraph 89 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

### COUNT IV – RESPONDEAT SUPERIOR
### DEFENDANT JOHN DOE TUGBOAT OWNER

90.     The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

91.     The allegations Paragraph 91 of the Complaint are directed to a Defendant other than the Zenith Defendants and contain legal conclusions; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the doctrine of respondeat superior can impute liability to an employer based on an employee's fault.

The Zenith Defendants deny the allegations in Paragraph 91 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

92.     The allegations Paragraph 92 of the Complaint are directed to a Defendant other than the Zenith Defendants and contain legal conclusions; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the extent of an employer's liability for the conduct of an employee is what it is. The Zenith Defendants deny the allegations in Paragraph 92 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

93.     The allegations Paragraph 93 of the Complaint are directed to a Defendant other than the Zenith Defendants and contain legal conclusions; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the extent of an employer's liability for the conduct of an employee is what it is. The Zenith Defendants deny the allegations in Paragraph 92 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

94.     The allegations Paragraph 94 of the Complaint are directed to a Defendant other than the Zenith Defendants and contain legal conclusions; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the scope of an employee's employment is what it is. The Zenith Defendants deny the allegations in Paragraph 92 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

95.     The allegations Paragraph 95 of the Complaint are directed to a Defendant other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and therefore deny the same.

96. The allegations Paragraph 96 of the Complaint are directed to a Defendant other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and therefore deny the same.

97. The allegations Paragraph 97 of the Complaint are directed to a Defendant other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and therefore deny the same.

98. The allegations Paragraph 98 of the Complaint are directed to a Defendant other than the Zenith Defendants and contain legal conclusions; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the duty owed by Defendant John Doe Tugboat Owner to anyone overboard is what it is. The Zenith Defendants deny the allegations in Paragraph 98 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

99. The allegations Paragraph 99 of the Complaint are directed to a Defendant other than the Zenith Defendants and contain legal conclusions; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that the extent of Defendant John Doe Tugboat Owner's liability for the actions and/or inaction of its employees is what it is. The Zenith Defendants deny the allegations in Paragraph 99 of the

Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

## COUNT V – NEGLIGENT HIRING, TRAINING & SUPERVISION
### DEFENDANT JOHN DOE TUGBOAT OWNER

100.    The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

101.    The allegations Paragraph 91 of the Complaint are directed to a Defendant other than the Zenith Defendants and contain legal conclusions; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that Defendant John Doe Tugboat Owner's duty to hire, train, staff and supervise its tugboat operators is what it is. The Zenith Defendants deny the allegations in Paragraph 101 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

102.     The allegations Paragraph 102 of the Complaint are directed to a Defendant other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and therefore deny the same.

103.    The allegations Paragraph 103 of the Complaint are directed to a Defendant other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint and therefore deny the same.

## COUNT V [SIC] - NEGLIGENCE
## THE ZENITH DEFENDANTS

104.    The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

105.    Paragraph 105 sets forth legal conclusions to which no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that their legal duties to perform safety inspections of the Terminal and surrounding areas are what they are. The Zenith Defendants deny the allegations in Paragraph 105 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

106.    Paragraph 106 sets forth legal conclusions to which no response is required. To the extent that a response is deemed to be required, the Zenith Defendants admit only that their legal duties to Mr. Adams are what they are. The Zenith Defendants deny the allegations in Paragraph 106 of the Complaint to the extent they set forth a claim or the basis for any claim against the Zenith Defendants.

107.    The Zenith Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    The Zenith Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    The Zenith Defendants deny the allegations in Paragraph 109 of the Complaint.

## COUNT VI – NEGLIGENT INFLCITION OF EMOTIONAL DISTRESS
## ALL DEFENDANTS

110.    The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

111.    The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint and therefore deny the same.

112.    The Zenith Defendants deny the allegations in Paragraph 112 of the Complaint.

113.    The Zenith Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    The Zenith Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    The Zenith Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    The Zenith Defendants deny the allegations in Paragraph 116 of the Complaint.

### COUNT VII – INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS DEFENDANTS JOHN DOE TUGBOAT OWNER AND JOHN DOE TUGBOAT OPERATORS 1-10

117.    The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

118.    The allegations Paragraph 118 of the Complaint are directed to Defendants other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint and therefore deny the same.

119.    The allegations Paragraph 119 of the Complaint are directed to Defendants other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint and therefore deny the same.

120.    The allegations Paragraph 120 of the Complaint are directed to Defendants other than the Zenith Defendants; therefore, no response is required. To the extent that a response is deemed to be required, the Zenith Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 120 of the Complaint and therefore deny the same.

121.    The Zenith Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint and therefore deny the same.

**COUNT VIII – PUNITIVE DAMAGES**
**ALL DEFENDANTS**

122.    The Zenith Defendants repeat and incorporate by reference the foregoing Answers as if set forth herein verbatim.

123.    The Zenith Defendants deny the allegations in Paragraph 123 of the Complaint.

**WHEREFORE**, the Zenith Defendants deny all allegations and requested relief in the Complaint unless expressly admitted in this Answer.

**<u>AFFIRMATIVE DEFENSES</u>**

Having fully answered the allegations of the Complaint, the Zenith Defendants now assert the following affirmative defenses in further response thereto:

1.    The Complaint fails to state a claim against the Zenith Defendants upon which relief can be granted.

2.    Plaintiffs failed to properly mitigate their damages, if any.

3.    The claims asserted or attempted to be asserted against the Zenith Defendants are barred by the doctrines of estoppel and waiver.

4.    Any and all claims against the Zenith Defendants are barred by the applicable statute of limitations.

5.    Any and all claims against the Zenith Defendants are barred by the doctrine of comparative negligence.

23

6.      Any and all claims against the Zenith Defendants are barred by the doctrine of the assumption of risk.

7.      Plaintiffs' claims are barred by the open and obvious doctrine codified at W. Va. Code § 55-7-28.

8.      Plaintiffs' claims are barred by West Virginia's Recreational Use Act, W. Va. Code § 19-25-1, *et seq*.

9.      The accident, injuries, and/or damages, if any, at issue herein were caused solely by the conduct of Mr. Adams and/or solely by the conduct of parties, named and/or unnamed, for whom the Zenith Defendants are responsible.

10.     The damages or losses of which Plaintiffs complain were not in any manner caused or contributed to by any wrongful or negligent act or omission on the part of the Zenith Defendants, and accordingly, recovery or relief against the Zenith Defendants is barred.

11.     Mr. Adam's death and Plaintiffs' injuries were proximately caused by a superseding and intervening cause or causes other than an act or omission on the part of the Zenith Defendants, and accordingly, a recovery against the Zenith Defendants is barred.

12.     Plaintiffs' claims for punitive damages violate the Zenith Defendants' rights under the Constitutions of the United States and of the State of West Virginia.

13.     Not being adequately advised as to all the facts and circumstances surrounding the allegations contained in the Complaint, the Zenith Defendants hereby invoke and assert all other affirmative defenses which may prove applicable including, but not necessarily limited to, those specifically set forth in Rules 8(c) and 12(b) of the West Virginia Rules of Civil Procedure.

**WHEREFORE**, the Zenith Defendants, denying that they are liable to Plaintiffs, and denying that Plaintiffs are entitled to the relief sought in the Complaint, or any relief whatsoever,

asks this Court to dismiss the Complaint, with prejudice, and award the Zenith Defendants their costs and expenses incurred and to be incurred in connection with the defense hereof, including attorneys' fees, and grant such other and further relief as this Court deems just and proper.

THE ZENITH DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS AND ISSUES HEREIN SO TRIABLE.

**ZENITH ENERGY TERMINALS HOLDINGS, LLC and ZENITH ENERGY LOGISTICS, LLC**

**By Counsel,**

_____/s/ Christopher D. Pence_____
Christopher D. Pence (WVSB # 9095)
Jason P. Foster (WVSB #10593)
Pence Law Firm PLLC
10 Hale Street, 4th Floor
P. O. Box 2548
Charleston, WV 25329
Phone: 304-345-7250
Fax: 304-553-7227
Email: cpence@pencefirm.com
        jfoster@pencefirm.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**THE ESTATE OF R. SHANE ADAMS,** *et al.,*

      **Plaintiffs,**

**v.**                      **CIVIL ACTION NO: 24-CV-52**
                                            **Judge Thomas S. Kleeh**

**ZENITH ENERGY TERMINALS**
**HOLDINGS, LLC,** *et al.,*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on August 28, 2024, I filed the foregoing "***Answer and Affirmative Defenses of Defendants Zenith Energy Terminals Holdings, LLC and Zenith Energy Logistics, LLC***" with the court using CM/ECF which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Ryan J. Umina, Esq. | J. Morgan Leach, Esq. |
| Beth L. Umina, Esq. | Robert. J. Williamson Esq. |
| Umina Legal, PLLC | J Morgan Leach, PLLC |
| 133 Green Bag Road | P.O. Box 5518 |
| Morgantown, WV 26505 | Vienna, WV 26105 |

James R. Leach, Esq.
Jim Leach L.C.
34 Bickel Mansion Drive
Parkersburg, WV 26101

                                        */s/  Christopher D. Pence*
                                      Christopher D. Pence (WVSB # 9095)