```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**THE ESTATE OF R. SHANE ADAMS et al.,**

    **Plaintiffs,**

**v.**                                  **CIVIL ACTION NO. 1:24-CV-52**
                                                       **(KLEEH)**

**ZENITH ENERGY TERMINALS HOLDINGS, LLC et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMSS MARITIME CLAIMS [ECF NO. 63]**

Pending before the Court is *Defendants Zenith Energy Terminals Holdings, LLC and Zenith Energy Logistics, LLC's Motion to Dismiss Plaintiffs' Maritime Claims and Request for Expedited Relief* [ECF No. 63], which seeks to dismiss any maritime claims for lack of subject matter jurisdiction. Plaintiffs the Estate of R. Shane Adams, Jeremy Pope, G.T.P. and A.M.P. by next of friend, Jeremy Pope ("Plaintiffs") oppose the motion to dismiss, arguing this Court has original jurisdiction over cases involving admiralty or maritime law. ECF No. 72. For reasons stated herein, the Motion [ECF No. 63] is **GRANTED**.

        **I.**    **RELEVANT PROCEDURAL HISTORY**

On May 10, 2024, Plaintiffs the Estate of R. Shane Adams, Jeremy Pope, G.T.P. and A.M.P. by next of friend, Jeremy Pope ("Plaintiffs") filed suit against several entities alleging multiple claims relating to Mr. Adams death on May 13, 2022.

Compl., ECF No. 1. Defendants Zenith Energy Terminals Holdings, LLC, and Zenith Energy Logistics, LLC filed their Answer on August 28, 2024. The parties stipulated to the dismissal of several other Zenith entity defendants. ECF Nos. 26, 27. Thereafter, Plaintiffs moved pursuant to Rule 21 of the Federal Rules of Civil Procedure to drop "John Doe Tugboat Owner" and "John Doe Tugboat Operators 1-10" as parties. ECF No. 114. The Court granted the Rule 21 Motion. ECF No. 114. Accordingly, the only remaining Defendants are Zenith Energy Terminals Holdings, LLC, and Zenith Energy Logistics, LLC ("Zenith Defendants").

On June 13, 2025, the Zenith Defendants moved to amend their Answer to assert an additional affirmative defense under 1985's Rails to Trails Program, W. Va. Code § 5B-1A-1, et seq. (the "Rail Trail Act"). ECF No. 55. The Court granted the Zenith Defendants leave to amend their Answer. ECF No. 152.[1] However, in their response in opposition to the motion to amend, Plaintiffs claimed for the first time that their claims fall under this Court's maritime jurisdiction. ECF No. 56. Accordingly, on July 7, 2025, the Zenith Defendants filed the subject motion to dismiss any maritime law claims. ECF No. 63. Plaintiffs filed *Plaintiffs' Response in Opposition to Defendants Zenith Energy Terminals Holdings, LLC and Zenith Energy Logistics, LLC's Motion to Dismiss*

---

[1] The Amended Answer is docketed at ECF No. 153.

2

*Plaintiffs' Maritime Claims and Request for Expedited Relief* [ECF No. 72] on July 21, 2025. The Zenith Defendants filed their reply brief on July 28, 2025. ECF No. 79. The Court heard oral arguments on November 3, 2025. Accordingly, this Motion is fully briefed and ripe for review.

## II.   LEGAL STANDARD

Federal courts possess jurisdiction over "admiralty and maritime" cases. U.S. Const. art. III § 2; 28 U.S.C. § 1333. "The primary justification for entrusting admiralty cases to the federal courts is to protect 'the important national interest in uniformity of law and remedies for those facing the hazards of waterborne transportation.'" <u>Baltimore Gas & Elec. Co. v. Coastline Com. Contracting, Inc.</u>, 107 F.4th 264, 268 (4th Cir. 2024), <u>cert. denied</u>, 145 S. Ct. 985 (2024) (citing <u>Aqua Log, Inc. v. Lost & Abandoned Pre-Cut Logs & Rafts of Logs</u>, 709 F.3d 1055, 1061 (11th Cir. 2013); <u>Exec. Jet Aviation, Inc. v. City of Cleveland</u>, 409 U.S. 249, 269-70 (1972)).

To invoke federal admiralty jurisdiction, the claim must meet conditions of location and a connection to maritime activity. <u>Id.</u> "The alleged wrong must occur or be located over a navigable waterway, and the wrong must bear a significant relationship to traditional maritime activity." <u>Mullenix v. United States</u>, 984 F.2d 101, 104 (4th Cir. 1993). "The connection test has two requirements: (1) the incident must have a potentially disruptive

3

impact on maritime commerce and (2) the activity giving rise to the incident must bear a substantial relationship to traditional maritime activity." Baltimore Gas & Elec. Co., 107 F.4th at 270.

Importantly, the application of maritime law does not turn on the "actual effects on maritime commerce" or "the particular facts" of the alleged tort. Sisson v. Ruby, 497 U.S. 358, 363 (1990). Rather, the Court must look at the incident's "general features" and assess whether it falls "within a class of incidents that pose[ ] more than a fanciful risk to commercial shipping." Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 538–39 (1995). For example, the Supreme Court of the United States previously held that a "a fire on a vessel docked at a marina on navigable waters" could have a "potentially disruptive impact on maritime commerce" because the fire could have "spread to nearby commercial vessels or ma[d]e the marina inaccessible to such vessels." Sisson, 497 U.S. at 362–63. This was the case, even though there were no commercial vessels at the marina during the fire. Accordingly, the Court must use an intermediate level of generality when describing the subject incident. Id. at 363; Baltimore Gas & Elec. Co., 107 F.4th at 270-71.

### A. Invocation of Maritime Law

However, prior to determining whether a case falls under federal admiral jurisdiction, jurisdiction must be invoked. Rule 9(h) of the Federal Rules of Procedure provides:

4

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim.

Fed. R. Civ. P. 9(h). Accordingly, "invoking the admiralty jurisdiction requires an identification of the claim as one in admiralty in accordance with Rule 9(h)." Lewis v. United States, 812 F. Supp. 620, 628-29 (E.D. Va. 1992); Banks v. Hanover S. S. Corp., 43 F.R.D. 374, 376-77 (D. Md. 1967) (noting "A statement identifying the pleading as an admiralty and maritime claim is necessary."). "If the claim may be asserted as civil (diversity) or as admiralty, plaintiff must choose and designate as Rule 9(h) if choice is admiralty." 7 West's Fed. Forms, Admiralty § 10659 (5th ed.). "The complaint does not have to explicitly cite to Rule 9(h), but it must at least include 'a simple statement' invoking admiralty jurisdiction." Poincon v. Offshore Marine Contractors, Inc., 9 F.4th 289, 294 (5th Cir. 2021) (internal citations omitted).

    This designation is important because there are consequential differences between handling a case in admiralty or at law. Lewis, 812 F.Supp. at 627; Brown v. Cox, 2012 WL 243233, at *2 (E.D. Va. Jan. 24, 2012). Most notably, if proceeding under a federal court's admiralty jurisdiction, the plaintiff is not entitled to a jury trial. Lewis, 812 F.Supp. at 627; Coley v. Dragon, Ltd., 138 F.R.D. 460, 464 (E.D. Va. 1990). As such, "where jurisdiction over a

plaintiff's claims lies under both diversity and admiralty and the plaintiff invokes maritime jurisdiction in his Complaint, that plaintiff cannot demand a jury." Gaines v. Ampro Fisheries, Inc., 836 F. Supp. 347, 348 (E.D. Va. 1993).

"The Supreme Court has explained that the saving-to-suitors clause preserves a plaintiff's right to a common law remedy 'in all cases where the common law is competent to give it.'" Brown, 2012 WL 243233, at *2 (citing In re Lockheed Martin Corp., 503 F.3d 351, 354 (4th Cir. 2007). "The common law is competent to provide a remedy in a general maritime negligence claim asserted against in personam defendants." Id.; Coley, 138 F.R.D. at 464 ("Since the common law is competent in all cases where the suit is in personam, a plaintiff in such cases may elect either to proceed in admiralty or to bring an ordinary civil action. . .in federal court if diversity or some other form of federal jurisdiction is available.").

Requiring a plaintiff desiring to proceed in admiralty to plead under Rule 9(h) in their complaint, ensures a plaintiff does not "inadvertently forfeit a right to a jury trial which they had otherwise intended to preserve." Chisholm v. UHP Projects, Inc., 30 F. Supp. 2d 928, 932–33 (E.D. Va. 1998), aff'd, 205 F.3d 731 (4th Cir. 2000). Thus, a plaintiff seeking to preserve his common law right to a trial by jury could elect to proceed at law, assuming an independent basis for jurisdiction exists. Brown, 2012 WL

6

243233, at *3 (finding plaintiff alleged a negligence claim at law, rather than a claim in admiralty because he sought compensatory damages, demanded a jury, and did not invoke procedural rules, procedures, or remedies unique to maritime law in his complaint). "[O]nce a plaintiff has demanded a jury, and therefore has not designated his claim as an admiralty claim under 9(h), he cannot subsequently withdraw the jury demand and designate his claim as one in admiralty, without abiding by Fed. R. Civ. P. 39(a)[2]." Matter of Armatur, S.A., 710 F. Supp. 404, 406 (D.P.R. 1989). See Gorton v. Eaton Corp., 2022 WL 7529065, at *9 (M.D. Pa. Oct. 13, 2022) (finding plaintiff did not invoke court's admiralty jurisdiction in her complaints and that maritime law did not apply).

### III. DISCUSSION

In this case, the parties' briefings focus on whether the case, factually, falls within this Court's admiralty jurisdiction. However, the actual predicate issue before the Court is whether Plaintiffs intended when filing suit to proceed under this Court's admiralty jurisdiction or under federal diversity subject matter jurisdiction. Looking at the record before the Court, Plaintiffs

---

[2] Rule 39(a)(1) of the Federal Rules of Civil Procedure provides "[w]hen a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:(1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39.

elected to prosecute their claims under common law via this Court's federal diversity jurisdiction.

First, Plaintiffs pleaded in their Complaint that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1, Compl. at ¶ 26. Plaintiffs brought claims under West Virginia statutory and common law. ECF No. 1, Compl. Plaintiffs demanded a trial by jury. Id. at p. 22. Further, Plaintiffs designated the nature of the suit as personal injury with the basis of jurisdiction as diversity on the civil cover sheet. ECF No. 1-1. The Complaint makes no reference to maritime or admiralty law. The application of maritime or admiralty law was first brought up in Plaintiffs' Response in Opposition to Defendants' Motion to Amend their Answer — a year after filing their Complaint. ECF No. 56. Plaintiffs' effort to retroactively proceed at admiralty in this case is a clear attempt to sidestep immunities available to the Zenith Defendants at common law, which Defendants assert are dispositive of this case.

However, Plaintiffs did not invoke this Court's admiralty jurisdiction. There is no mention for Rule 9(h) or the invocation of admiralty law in the Complaint. Beyond this, Plaintiffs have consistently spoke about proceeding to a jury trial, including at the motions hearing where counsel simultaneously argued admiralty law applied. Furthermore, Plaintiffs filed proposed voir dire and jury instructions and included issues for the jury to decide in

the proposed pretrial order. ECF Nos. 115-17. There is no indication in this case that the Plaintiffs intended to forfeit their right to a jury trial. Rather, the late invocation of admiralty law appears to be a strategic legal decision, which was not fully thought out.

Here, this Court has subject matter jurisdiction to preside over this case because the parties are diverse and the amount in controversy exceeds the jurisdictional minimum, as required by 28 U.S.C. § 1332. The Court need not decide whether Plaintiffs' claims are admiralty and maritime claims, because even assuming they would fall under this Cour's admiralty jurisdiction, the "saving to suitors" clause, found in 28 U.S.C. § 1333, reserves to suitors the right of a common law remedy in courts "in all cases where the common law is competent to give it." In re Lockheed Martin Corp., 503 F.3d at 354. As is the case here, Plaintiffs elected to proceed under this Court's federal diversity jurisdiction and demanded a jury trial. The Court does not find that Plaintiffs elected to proceed with the trial of the Complaint in admiralty and, therefore, maritime law does not apply to this case.

## IV. CONCLUSION

For the reasons stated herein, *Defendants Zenith Energy Terminals Holdings, LLC and Zenith Energy Logistics, LLC's Motion to Dismiss Plaintiffs' Maritime Claims and Request for Expedited Relief* [ECF No. 63] is **GRANTED.** *Defendants Zenith Energy Terminals*

9

*Holdings, LLC and Zenith Energy Logistics, LLC's Motion for Summary Judgment on Plaintiffs' Maritime Claims* [ECF No. 75] is **DENIED AS MOOT.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: December 12, 2025

*[signature: Tom S Kleeh]*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA